**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO – EASTERN DIVISION**

| | |
|---|---|
| JOSEPH NICE, *et al.* ) | CASE NO.: 5:21-CV-01887 |
| ) | |
| Plaintiffs, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | **ANSWER OF DEFENDANT** |
| ) | **NOAH MUNYER WITH** |
| CITY OF AKRON, *et al.* ) | **COUNTERCLAIM** |
| ) | |
| Defendants. ) | *Jury Demand Endorsed Hereon* |

Now comes Defendant/Counterclaim Plaintiff Noah Munyer ("Defendant"), by and through counsel, and for his Answer to Plaintiffs/Counterclaim Defendants Joseph Nice's ("Plaintiff Nice") and Metro Acc, LLC's ("Plaintiff Metro") (collectively, "Plaintiffs") Complaint states as follows:

**FIRST DEFENSE**

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint.

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

3.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Complaint.

4.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiffs' Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiffs' Complaint.

14. Defendant restates and reavers Paragraphs 1 through 13 of Defendant's Answer to Plaintiffs' Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiffs' Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiffs' Complaint.

38. Defendant admits the allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of Plaintiffs' Complaint.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of Plaintiffs' Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiffs' Complaint.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

48. Defendant admits the allegations set forth in Paragraph 48 of Plaintiffs' Complaint.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of Plaintiffs' Complaint.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of Plaintiffs' Complaint.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of Plaintiffs' Complaint.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of Plaintiffs' Complaint.

55. Defendant admits the allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of Plaintiffs' Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of Plaintiffs' Complaint.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of Plaintiffs' Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

67. Paragraph 67 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

68. Paragraph 68 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

69. Defendant denies the allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

71. Defendant denies the allegations set forth in Paragraph 71 of Plaintiffs' Complaint.

72. Defendant restates and reavers Paragraphs 1 through 71 of Defendant's Answer to Plaintiffs' Complaint.

73. Defendant denies the allegations set forth in Paragraph 73 of Plaintiffs' Complaint.

74. Defendant denies the allegations set forth in Paragraph 74 of Plaintiffs' Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

76. Paragraph 76 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

77. Defendant restates and reavers Paragraphs 1 through 76 of Defendant's Answer to Plaintiffs' Complaint.

78. Defendant denies the allegations set forth in Paragraph 78 of Plaintiffs' Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of Plaintiffs' Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of Plaintiffs' Complaint.

81. Defendant denies the allegations set forth in Paragraph 81 of Plaintiffs' Complaint.

82. Paragraph 82 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

83. Defendant restates and reavers Paragraphs 1 through 82 of Defendant's Answer to Plaintiffs' Complaint.

84. Defendant denies the allegations set forth in Paragraph 84 of Plaintiffs' Complaint.

85. Defendant denies the allegations set forth in Paragraph 85 of Plaintiffs' Complaint.

86. Defendant denies the allegations set forth in Paragraph 86 of Plaintiffs' Complaint.

87. Defendant denies the allegations set forth in Paragraph 87 of Plaintiffs' Complaint.

88. Paragraph 88 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

89. Defendant restates and reavers Paragraphs 1 through 88 of Defendant's Answer to Plaintiffs' Complaint.

90. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of Plaintiffs' Complaint.

91. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of Plaintiffs' Complaint.

92. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of Plaintiffs' Complaint.

93. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of Plaintiffs' Complaint.

94. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of Plaintiffs' Complaint.

## SECOND DEFENSE

95. Defendant denies all other allegations and averments in Plaintiffs' Complaint not specifically admitted herein to be true.

## THIRD DEFENSE

96. Defendant affirmatively alleges, in the alternative, that Plaintiffs have failed to state a claim upon which relief can be granted.

## FOURTH DEFENSE

97. Defendant incorporates all affirmative defenses, including those contained in Civil Rule 12(B), as determined to be applicable after an opportunity to conduct discovery in this matter.

## FIFTH DEFENSE

98. Defendant affirmatively alleges, in the alternative, that the Complaint and the claim alleged in the Complaint are barred by the applicable statute of limitations.

## SIXTH DEFENSE

99. Defendant affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the doctrine of contributory and/or comparative negligence.

## SEVENTH DEFENSE

100. Defendant affirmatively alleges, in the alternative, that any damages asserted in the Complaint are the result of the direct, proximate, intervening, and/or superseding acts and/or omissions of parties other than Defendant.

## EIGHTH DEFENSE

101. Defendant affirmatively alleges, in the alternative, that Plaintiffs' claims of damages or liability are the result of wrongful actions or omissions of persons or parties other than Defendant, over whom Defendant had no authority or control.

## NINTH DEFENSE

102. Defendant affirmatively alleges, in the alternative, that Plaintiffs have failed to mitigate damages.

## TENTH DEFENSE

103. Defendant affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred, or should be reduced, as the result of Plaintiffs' own acts and/or omissions.

## ELEVENTH DEFENSE

104. Defendant affirmatively alleges, in the alternative, that any alleged failure to perform on the part of Defendant, which Defendant denies, was due to Plaintiffs' actions.

## TWELFTH DEFENSE

105. Defendant affirmatively alleges, in the alternative, that the damages alleged in Plaintiffs' Complaint, if any, were not actually or proximately caused by the acts or omissions of Defendant.

**THIRTEENTH DEFENSE**

106. Defendant affirmatively alleges, in the alternative, that Plaintiffs' claims are barred due to their acceptance, acquiescence, and/or ratification of the chosen defense strategy.

**FOURTEENTH DEFENSE**

107. Defendant affirmatively alleges, in the alternative, that Defendant met the standard of care and performed his duties in a skillful, professional, and workmanlike manner.

**FIFTEENTH DEFENSE**

108. Defendant affirmatively alleges, in the alternative, that Plaintiffs have suffered no damages.

**SIXTEENTH DEFENSE**

109. Defendant affirmatively alleges, in the alternative, that Defendant has violated no Rule of Professional Conduct.

**SEVENTEENTH DEFENSE**

110. Defendant respectfully reserves the right to amend its Answer to add such additional Affirmative Defenses, Crossclaims, Counterclaims and/or Third-Party Complaints as may be disclosed during the course of the captioned matter.

**WHEREFORE**, Defendant Noah Munyer respectfully requests that Plaintiffs' Complaint be dismissed, with prejudice, and that Defendant be awarded his costs and expenses, including, but not limited to, attorney's fees and any other relief to which he may be entitled at law or in equity as this Court deems just and appropriate.

## DEFENDANT/COUNTERCLAIM PLAINTIFF NOAH MUNYER'S COUNTERCLAIM AGAINST PLAINTIFF/COUNTERCLAIM DEFENDANTS

Now comes Defendant/Counterclaim Plaintiff Noah Munyer ("Defendant"), by and through counsel, and for its Counterclaim against Plaintiff/Counterclaim Defendants Joseph Nice and Metro Acc, LLC ("Plaintiffs") states as follows:

## FACTUAL BACKGROUND

1. Defendant incorporates by reference all of the allegations set forth in Plaintiffs' Complaint, not for the purposes of establishing the truth of the assertions, but to establish the basis for this counterclaim.

2. Defendant restates his answers, denials, and affirmative defenses to Plaintiffs' Complaint as if fully rewritten herein.

3. On August 31, 2021, Plaintiffs filed a Complaint in the Court of Common Pleas, Summit County, Ohio, styled Joseph Nice, *et al.* v. City of Akron, *et al*.

4. Plaintiffs' Complaint alleges that beginning in 2016 and continuing thereafter, Defendant has engaged in a pattern of "criminal and fraudulent activity." (*See* Compl. at ¶ 17.)

5. Plaintiffs' Complaint further alleges that Defendant "was providing privileged attorney client information to the defendants in order to resolve his own personal issues." (*Id.,* at ¶ 51.) Plaintiffs' Complaint also alleges that Defendant "was blackmailing Defendant Joe Miller with the threat that Plaintiff had an audio tape of James Nice." (*Id*., at ¶ 63.)

6. Plaintiffs have alleged these facts despite actual knowledge that Plaintiffs' allegations are entirely unfounded.

7. On October 14, 2021, counsel for Defendant sent correspondence to counsel for Plaintiffs, John F. Burke, III, informing him that it is undisputed that Defendant was not appointed as Plaintiff Nice's defense counsel until 2017, and therefore logically could not have engaged in a

11

conspiracy or any other alleged illegal activity that occurred before his involvement. (*See* October 14, 2021, Correspondence from Andrew J. Dorman to John F. Burke, III, attached hereto as Exhibit "A".)

8. Counsel for Defendant further informed counsel for Plaintiffs that Defendant, through his representation of Plaintiff Nice, had all of Plaintiff Nice's charges dismissed within six-months and Plaintiff Nice's criminal record expunged within eleven-months. (*Id*.) Therefore, Plaintiffs were not damaged by any action or inaction of Defendant. (*Id*.)

9. In addition, counsel for Defendant informed counsel for Plaintiffs that Plaintiffs' allegation that Defendant "was blackmailing Defendant Joe Miller with the threat that Plaintiff had an audiotape of James Nice" had no basis in fact, per the statements of Chris Reese, and that these allegations in the Complaint as to Defendant were completely unsupported by the facts.

10. Despite Plaintiffs' awareness that the allegations against Defendant had and have no basis in fact, Plaintiffs have not dismissed the action against Defendant.

**COUNT I – FRIVOLOUS CONDUCT IN FILING CIVIL CLAIMS – R.C. 2323.51**

11. Defendant restates and reavers Paragraphs 1 through 10 of Defendant's Counterclaim.

12. Pursuant to R.C. 2323.51(A)(1)(a), Plaintiffs have engaged in "conduct" by filing a civil action and asserting a claim in a pleading.

13. Pursuant to R.C. 2323.51(A)(2)(a)(i), Plaintiffs have engaged in "frivolous conduct" by filing an action that serves merely to harass or maliciously injure Defendant, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

14. Pursuant to R.C. 2323.51(A)(2)(a)(ii), Plaintiffs have engaged in "frivolous conduct" by filing an action that is not warranted under existing law and cannot be supported by a good faith argument.

15. Pursuant to R.C. 2323.51(A)(2)(a)(iii), Plaintiffs have engaged in "frivolous conduct" by filing an action that consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

16. Pursuant to R.C. 2323.51(A)(2)(a)(iv), Plaintiffs have engaged in "frivolous conduct" by filing an action that consists of factual contentions that are not warranted by the evidence, or, if specifically so identified, are not reasonably based on a lack of information or belief.

17. As a direct and proximate result of Plaintiffs' frivolous conduct, Defendant has been damaged in an amount in excess of $25,000.00, in an amount to be proven at trial.

**COUNT II – COUNSEL'S LIABILITY FOR EXCESSIVE COSTS – 28 USCS § 1927**

18. Defendant restates and reavers Paragraphs 1 through 17 of Defendant's Counterclaim.

19. Pursuant to 18 USCS § 1927, Plaintiffs have engaged in frivolous conduct by multiplying the proceeds and pleadings in this case unreasonably and vexatiously.

20. As a direct and proximate result of Plaintiffs' frivolous conduct, Defendant has been damaged in an amount in excess of $25,000.00, in an amount to be proven at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that this Honorable Court award Defendant actual or compensatory damages, punitive or exemplary damages, special damages, and any other damages to which Defendant is entitled to law or equity. Defendant further requests that this Honorable Court award Defendant his litigation expenses, other costs of litigation, and reasonable attorneys' fees as incurred in the litigation, in accordance with the aforementioned claims and/or Ohio and Federal law.

Respectfully submitted,

*/s/ Andrew J. Dorman*
ANDREW J. DORMAN (0063410)
**REMINGER CO., L.P.A.**
101 Prospect Avenue West, Suite 1400
Cleveland, Ohio 44115-1093
P: 216-687-1311; F: 216-687-1841
Email: adorman@reminger.com

*Counsel for Defendant Noah Munyer*

## JURY DEMAND

Defendant hereby demands a trial by the maximum number of jurors permitted by law.

*/s/ Andrew J. Dorman*
ANDREW J. DORMAN (0063410)

**CERTIFICATE OF SERVICE**

The foregoing was electronically filed with the Court this 1st day of November 2021. The Parties will have access to the foregoing via the Court's electronic filing system.

                                          */s/ Andrew J. Dorman*
                                          ANDREW J. DORMAN (0063410)

                                          *Counsel for Defendant Noah Munyer*