# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH NICE, *et al.* | CASE NO.: 5:21-CV-01887 |
| Plaintiffs, | JUDGE SARA LIOI |
| vs. | **DEFENDANT NOAH MUNYER'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT** |
| CITY OF AKRON, *et al.* | |
| Defendants. | |

Now comes Defendant/Counterclaim Plaintiff Noah Munyer ("Munyer"), by and through counsel, and respectfully submits this Civil Rule 12(c) Motion for Judgment on the Pleadings, or, in the alternative, Civil Rule 12(e) Motion for a More Definite Statement on Plaintiffs/Counterclaim Defendants Joseph Nice's ("Plaintiff Nice") and Metro ACC LLC's ("Plaintiff Metro") (collectively, "Plaintiffs") Complaint.

Plaintiffs' Complaint must be dismissed in its entirety because Plaintiffs have brought only RICO and abuse of process claims against Munyer, who, per the judicial admissions set forth in Plaintiffs' Complaint, was employed in his professional capacity as Plaintiff Nice's attorney at all relevant times. Ohio law is clear that the only viable claim against an attorney employed in his professional capacity is one for legal malpractice. Moreover, even if Plaintiffs could pursue RICO or abuse of process claims against Munyer, which they cannot, Plaintiffs have failed to plead operative facts sufficient support those claims. Accordingly, Plaintiffs' Complaint must be dismissed in its entirety pursuant to Civil Rule 12(c).

If, however, this Court is inclined to permit Plaintiffs to move forward on all, or some of their claims, Munyer is entitled to a more definite statement pursuant to Civil Rule 12(e), given the ambiguous and vague nature of Plaintiffs' Complaint.

A *Memorandum in Support* is attached hereto and incorporated herein by reference.

                                              Respectfully submitted,

                                              */s/ Andrew J. Dorman*
                                              ANDREW J. DORMAN (0063410)
                                              **REMINGER CO., L.P.A.**
                                              101 Prospect Avenue West, Suite 1400
                                              Cleveland, Ohio 44115-1093
                                              P: 216-687-1311; F: 216-687-1841
                                              Email: adorman@reminger.com

                                              *Counsel for Defendant Noah Munyer*

## **MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 31, 2021, Plaintiffs filed their Complaint in the Court of Common Pleas, Summit County, Ohio against ten defendants, including Munyer, alleging violations of 18 U.S.C. § 1961 Racketeer Influenced and Corrupt Organizations ("RICO"). (*See generally*, Compl.) Specifically, Plaintiffs allege violations of U.S.C. § 1962(b) (Count Two), U.S.C. § 1962(c) (Count Three), U.S.C. § 1962(d) (Count Four), and abuse of process (Count Five). Plaintiffs have brought these claims against the City of Akron, Mayor Dan Horrigan, former Akron Police Chief Kenneth Ball, Deputy Mayor Charles A. Brown, Former Captain Brian Simcox, Captain Melissa Schnee, Joseph Miller, Detective Pam Brown, Independent Police Auditor Phil Young, and Munyer (collectively, "Defendants"). (*Id.*)

Plaintiffs allege that "[b]eginning in approximately 2016 and continuing thereafter to the present the defendants have engaged in a pattern of criminal and fraudulent activity." (*Id.*, at ¶ 17.) Notably, Plaintiffs allege that Plaintiff Nice, nephew of former Akron Police Chief James Nice, was charged with theft by deception and arrested as a result of an alleged scheme to defame and damage Plaintiff Nice. (*Id.*, at ¶ 21.) Plaintiffs claim that based on false evidence and the scheme and conspiracy of defendants, Plaintiff Nice was indicted by a Summit County Grand Jury on charges of theft, forgery, and tampering with evidence. (*Id.*, at ¶ 25.) Plaintiffs allege that Defendants were aware that the allegations of criminal conduct against Plaintiff were untrue and false and that defendants wrongfully and illegally withheld evidence. (*Id.*, at ¶ 36.) Plaintiffs further allege that Defendants seized Plaintiffs' property and have refused to return same. (*Id.*, at ¶ 40.)

Specifically, as to Munyer, Plaintiffs only allege that: (1) Munyer was assigned to represent Plaintiff Nice against the above indictment; that (2) Plaintiff Nice and Munyer entered into a relationship governed by the Ohio Rules of Professional Responsibility; that (3) "[b]ased on

3

information and belief Defendant Munyer was providing privileged attorney client information to the defendants in order to resolve his own personal issues"; that (4) Munyer successfully had Plaintiff Nice's charges expunged and/or sealed; and (5) that Munyer allegedly blackmailed Defendant Joseph Miller with the threat that Plaintiff Nice had an unspecified audiotape of James Nice, despite never having heard or seen such a tape, and insisted that Defendant Joseph Miller drop the charges against Plaintiff Nice on the threat that the tape would be released. (*Id*., at ¶ 38; ¶ 42; ¶ 51; ¶ 55; ¶ 63.) Munyer denies all allegations of wrongdoing.

On October 4, 2021, Defendants filed a Notice of Removal and removed this action to the United States District Court for the Northern District of Ohio before this Honorable Court.

Notably, Plaintiffs' allegations, despite being otherwise unclear, establish that Plaintiffs are bringing claims against Munyer, who at all relevant times was employed in his professional capacity as an attorney for Plaintiff Nice. For this reason, and as explained further, Plaintiffs' RICO and abuse of process claims cannot survive as a matter of law. Moreover, even if Plaintiffs' RICO and abuse of process claims were viable against an attorney employed in his professional capacity, which they are not, Plaintiffs' RICO and abuse of process claims are still deficient and fail as a matter of law.

If this Court, however, is not inclined to dismiss Plaintiffs' claims, Munyer is entitled to a more definite statement pursuant to Civil Rule 12(e) such that Munyer may properly be apprised of the allegations that are being asserted against him in this case.

## II.     LAW AND ANALYSIS

### A.     12(c) Motion for Judgment on the Pleadings Standard

A court may grant judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). In considering a Rule 12(c) motion, the court "construe[s] the complaint in the light most favorable to the nonmoving party, accept[s] the

well-pled factual allegations as true, and determine[s] whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007), citing *Moriarty*, 8 F.3d at 332.

### B. Plaintiffs' RICO and Abuse of Process Claims Cannot Survive because Plaintiffs' Complaint Sounds in Legal Malpractice.

This very Court has held that where a plaintiff's allegations against an attorney arise out of the manner in which the attorney represented the plaintiff, the only viable claim is one for legal malpractice. *NanoLogix, Inc. v. Novak*, N.D.Ohio No. 4:13-cv-1000, 2015 U.S. Dist. LEXIS 38551 (Mar. 26, 2015). Indeed, this Court thoroughly reviewed Ohio law, and noted that "it does not matter whether the professional misconduct is couched in terms of negligence or contract breach." *Id.*, citing *Roberts v. Hutton*, 152 Ohio App.3d 412, 2003-Ohio-1650, 787 N.E.2d 1267, ¶ 53-54 (10th Dist.). This Court further observed that "malpractice by any other name still constitutes malpractice." *Id.*, quoting *Muir v. Hadler Real Estate Mgt. Co.*, 4 Ohio App.3d 89, 446 N.E.2d 820 (10th Dist.1982).

In reaching this conclusion, this Honorable Court completed a thorough and accurate review of Ohio law and collected cases which soundly establish that where a plaintiff's complaint is against an attorney employed in their professional capacity, the only possible claim is one for legal malpractice. *See Hibbett v. Cincinnati*, 4 Ohio App.3d 128, 446 N.E.2d 832 (1st Dist.1982) ("Whether the asserted facts support a malpractice action is "determined not from the form of the pleading or procedure, but from the gist of the complaint."); *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 35 ("When the gist of a complaint sounds in malpractice, the other duplicative claims, even those labeled as fraud and breach of contract, are subsumed within the legal-malpractice claim."); *Muir*, 446 N.E.2d at 822 ("An action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. § 2305.11."); *Endicott v. Johrendt*, 10th Dist. Franklin No. 99AP-935, 2000 Ohio App. LEXIS 2697 (June 22, 2000) (actions which "arise out of the

5

manner in which [the plaintiff] was represented [fall] within the attorney/client relationship" and constitute malpractice). On this basis, in *NanoLogix*, this Court subsumed all of plaintiff client's claims arising out of defendant attorney's representation of that plaintiff into a single claim for legal malpractice[1]. *NanoLogix, Inc.*, 2015 U.S. Dist. LEXIS 38551, at *24.

This Court must do the same here. Plaintiffs have admitted in their Complaint that at all relevant times…[Munyer] acted as a court appointed attorney for Plaintiff Joseph Nice." (*See* Compl., at ¶ 8.) Specific to Munyer, Plaintiffs have alleged only that Munyer was allegedly providing privileged attorney client information to Defendants and that Noah Munyer allegedly blackmailed Defendant Joseph Miller with the threat that Plaintiff Nice had an unspecified audiotape of James Nice to get Munyer's case dismissed. (*Id.*, at ¶ 51; ¶ 63.) Thus, Plaintiffs' allegations arise solely out of Munyer's representation of Plaintiff Nice, and therefore sound in legal malpractice, not RICO or abuse of process or any other lawyer-created claim.

Accordingly, Plaintiffs' RICO and abuse of process claims should be dismissed pursuant to Civil Rule 12(c). No discovery will change this outcome and Plaintiffs' Complaint establishes this very point.

### C. A Claim of Legal Malpractice against Munyer would Fail as a Matter of Law.

Despite legal malpractice being the only potential claim by Plaintiffs against Munyer, such a claim would fail as a matter of law because Plaintiffs' allegations do not state a claim for legal malpractice.

---

[1] This court permitted a claim of fraud to also go forward based on the narrow exception under Ohio law that fraud claims could survive application of the rule. *NanoLogix, Inc.*, 2015 U.S. Dist. LEXIS 38551, at *14. That exception has no applicability here as no such claim has been alleged.

Indisputably, "[t]he elements of a cause of action for legal malpractice are (1) the existence of an attorney-client relationship giving rise to a duty; (2) breach of that duty; and (3) damages proximately resulting from the breach." *Mohler v. Unger*, S.D.Ohio No. C3-90-284, 1994 U.S. Dist. LEXIS 21698, at *12 (Aug. 26, 1994), quoting *Krahn v. Kinney,* 43 Ohio St. 3d 103, 538 N.E.2d 1058 (1989).

The unfounded allegations that Munyer was providing attorney-client information, or that he allegedly blackmailed another individual with an unspecified audiotape, cannot alone carry Plaintiffs' pleading burden for legal malpractice. Even if Plaintiffs' Complaint can be tortured to allege a breach of Munyer's duty to Plaintiff Nice, which it cannot, Plaintiffs' allegations contain no reference to whether Munyer's actions damaged Plaintiffs. In fact, Plaintiffs' Complaint states that Munyer achieved full dismissal of Plaintiff Nice's indictment and thereafter obtained expungement of his record. There is absolutely no allegation of any damages specifically caused by Munyer. This Court cannot permit Plaintiffs' claims to go forward on a theory of legal malpractice where Plaintiffs have not even alleged facts so to substantiate the basic elements.

As such, this Court must dismiss Plaintiffs' Complaint in its entirety pursuant to Civil Rule 12(c).

**D. Plaintiffs' RICO Claims Fail as a Matter of Law.**

**i. Plaintiffs have Engaged in Impermissible "Shotgun" Group Pleading.**

Assuming, *arguendo*, that Plaintiffs' claims are not necessarily subsumed into a single claim for legal malpractice, which itself fails, Plaintiffs' RICO claim still fails as a matter of law. Plaintiffs have engaged in impermissible "group pleading", thereby precluding the Court and each of the Defendants from conducting the necessary individualized inquiry into their separate potential liability. Indeed, Plaintiffs recite the basic elements of their RICO claims and lump together "Defendants" without

7

specifically identifying which of the Defendants engaged in the conduct alleged. This error is fatal to Plaintiffs' Complaint.

Indeed, courts in the Sixth Circuit have held that "shotgun" allegations against a group of defendants are not sufficient to state a RICO claim. *Kerrigan v. Visalus, Inc.*, 112 F. Supp. 3d 580, 601 (E.D. Mich. 2015) (finding that "shotgun" allegations of general misconduct by a group of different defendants was not sufficient to state RICO claims against each of them); *State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc.*, No. 14-10266, 2014 U.S. Dist. LEXIS 151213, 2014 WL 5427170, at *2-3 (E.D. Mich. Oct. 24, 2014) (plaintiff in RICO case may not "generally assert all claims against all defendants"), citing *Hoover v. Langston Equipment Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992). The Court in *Kerrigan*, when faced with a similar dilemma, noted the following:

> In sum, Plaintiffs' group pleading has made the Court's analysis of Plaintiffs' RICO claims extraordinarily difficult, if not impossible. While Plaintiffs' Complaint may state a viable RICO claim against some of the Defendants, the Court cannot intelligibly analyze Plaintiffs' RICO allegations as to all 31 Defendants. And that is a real problem because **each Defendant is entitled to an individualized analysis of his, her, or its own RICO liability.**

*Kerrigan*, 112 F. Supp. 3d 580, 602 (emphasis added.)

Plaintiffs' imprecise RICO allegations are particularly confusing because it is obvious from Plaintiffs' own narrative that Plaintiffs do not — and cannot — literally mean that *each* Defendant engaged in the alleged acts substantiating Plaintiffs' RICO claims. Indeed, Plaintiffs allege that Defendants as a whole engaged in a conspiracy to defraud and defame Plaintiffs by pursuing an indictment, but at the same time allege that Munyer successfully defended Plaintiff Nice against that same indictment, and successfully obtained dismissal and expungement of same! Plaintiffs have confoundingly implicated Munyer in their general allegations, who, based on Plaintiffs' own narrative, could not plausibly have committed the acts that Plaintiffs allege he did.

8

As a result of Plaintiffs' "shotgun" allegations, Plaintiffs' Complaint fails to state a viable claim for RICO against Munyer, and Munyer is entitled to dismissal of same pursuant to Civil Rule 12(c).

### ii. Plaintiffs' RICO Claims Must be Dismissed because Plaintiffs have Failed to Allege a Clear Causal Relationship Between Acts Committed by Munyer and Plaintiffs' Alleged Damages.

To state a RICO Claim, a plaintiff must show not only that the predicate act was a 'but for' cause of plaintiff's injuries, but also that it was a proximate cause. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992). *See also*, *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 17-18, 130 S. Ct. 983, 175 L. Ed. 2d 943 (2010) (§ 1962(c) "is limited by the requirement of a direct causal connection between the predicate wrong and the harm."); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457, 126 S. Ct. 1991, 164 L. Ed. 2d 720 (2006) ("[T]he compensable injury flowing from a [RICO Violation] necessarily is the harm caused by the defendant's predicate acts.") Sixth Circuit courts have held that failure to allege a clear causal relationship requires dismissal of a plaintiff's RICO claim. *See Kerrigan*, 2015 U.S. Dist. LEXIS 76233, *64.

Plaintiffs' Complaint does not allege that Munyer was the proximate cause of Plaintiffs' injuries. Indeed, Plaintiffs' Complaint is devoid of any specific allegation that Munyer's actions caused Plaintiffs any injury. To the contrary, and as discussed above, Plaintiffs' Complaint alleges that Munyer, during his representation of Plaintiff Nice, successfully secured a full dismissal of all criminal charges against Plaintiff Nice and an expungement of Nice's record. Thus, Plaintiffs' Complaint actually alleges that Munyer thwarted any damages.

Put simply, Plaintiffs' Complaint entirely fails to allege that any action or inaction of Munyer was the proximate cause of Plaintiffs' alleged injuries, and, as such, Munyer is entitled to dismissal of Plaintiffs' RICO Claims in their entirety.

9

>    iii.   **Plaintiffs' RICO Claim under U.S.C. § 1962(c) Must be Dismissed because Plaintiffs Fail to Sufficiently Allege that Munyer Participated in the Operation or Management of the Alleged RICO Enterprise.**

To state a U.S.C. § 1962(c) RICO Claim, Plaintiffs must allege that each Defendant "conduct[ed] or participate[d], directly or indirectly, in the conduct of" the alleged RICO Enterprise's affairs. 18 U.S.C. § 1962(c). *See also*, *Ouwinga v. Benistar 419 Plan Servs.*, 694 F.3d 783, 791-92 (6th Cir. 2012). Notably, "[t]o be liable under § 1962(c), 'defendants must have conducted or participated in the conduct of the *enterprise's* affairs, not just their *own* affairs.'" *Kerrigan*, 112 F. Supp. 3d 580, 603, citing *Ouwinga*, 694 F.3d at 792. *See Reves v. Ernst & Young*, 507 U.S. 170, 185, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993) (under "….§ 1962(c)…liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs.") (*Sic.*)

Plaintiffs have not sufficiently alleged that Munyer participated in the affairs of the alleged RICO Enterprise. Indeed, as described above, the only allegations of wrongdoing against Munyer are that Munyer allegedly "provid[ed] privileged attorney client information to the defendants in order to resolve his own personal issues" and that "Noah Munyer [allegedly] blackmailed Defendant Joseph Miller with the threat that Plaintiff Nice had an unspecified audiotape of James Nice." Even if true, these allegations do not show that Munyer made decisions on behalf of the alleged RICO Enterprise or conspiracy to indict and prosecute Plaintiff Nice.

To wit, Plaintiffs' allegation of providing attorney client information to other Defendants states that these were "to resolve his own personal issues," not in furtherance of the alleged RICO Enterprise. (*See* Compl., at ¶ 51). Plaintiffs' allegation of blackmailing Defendant Joseph Miller with an audiotape alleges that Munyer did so to force Defendant Joseph Miller to drop the charges against Plaintiff Nice on the threat that the tape would be released. (*Id.*, at ¶ 63.) These allegations do not describe any particular conduct in which Munyer engaged in on behalf of the alleged RICO Enterprise,

rather than on behalf of Munyer himself or Plaintiff Nice. Moreover, Plaintiffs' Complaint is devoid of any other allegations that would show any participation in the alleged RICO Enterprise.

Accordingly, for these additional reasons, Plaintiffs are entitled to dismissal of Plaintiffs' RICO claim pursuant to Civil Rule 12(c).

### iv. Plaintiffs' RICO Claim under U.S.C. § 1962(c) Must be Dismissed because Plaintiffs Fail to Allege that Munyer Engaged in Two Predicate Acts under 18 U.S.C. § 1961(1).

Notably, "[t]o state a civil RICO claim, a complaint must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Herrick v. Liberty League Internatl.*, S.D.Ohio No. 1:07-cv-936, 2008 U.S. Dist. LEXIS 42527, at *9 (May 28, 2008), quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) cert. denied 127 S. Ct. 1832, 167 L. Ed. 2d 319 (2007), quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). Racketeering activity is defined under 18 U.S.C. § 1961(1), which enumerates a long list of high-level felonies:

> "[R]acketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act [21 USCS § 802]), which is chargeable under State law and punishable by imprisonment for more than one year…(B); (C); (D); (E)

18 U.S.C. § 1961(1); *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993) ("Only those acts itemized in 18 U.S.C. § 1961(1) can constitute predicate offenses for RICO violations.")

Specifically, a pattern of racketeering activity "requires at least two acts of racketeering activity…." 18 U.S.C. § 1961(5). Where a plaintiff fails to allege two predicate offenses as part of their RICO claims, Sixth Circuit courts enter dismissal:

> With no predicate offenses, it is clear that Brown cannot prove a nexus between the pattern of racketeering activity and the enterprise, the third element of his RICO claim. Therefore, Brown's complaint contains no factual allegations that support the elements of a civil RICO cause of action. There are no legal or factual allegations of

11

> a pattern of racketeering activity. Brown pleads no facts that would support a claim for two or more predicate offenses. Accordingly, it is recommended that Brown's RICO claim against all Defendants be dismissed for failure to state a claim upon which relief may be granted.

*Brown v. Burch, Porter & Johnson PLLC Law Firm*, W.D.Tenn. No. 2:15-cv-2167-SHM-dkv, 2015 U.S. Dist. LEXIS 134022, at *16 (June 29, 2015).

Plaintiffs here have failed to allege any indictable predicate offenses engaged in by Munyer so to properly plead their RICO claims. Breaching attorney-client privilege, even if true, is not an enumerated offense under 18 U.S.C. § 1961(1). Nor does the unfounded allegation that Munyer blackmailed another individual satisfy Plaintiffs' pleading burden as to a predicate act. *Id. See also*, *Sky Harbor Air Serv. v. Reams*, 491 F.App'x 875 (10th Cir.2012) (finding that blackmail was not a predicate act for purposes of 18 U.S.C. § 1961(1) because it did not fall within the definition of extortion.)

Because Plaintiffs have put forth only two allegations vaguely averring wrongdoing on behalf of Munyer, and neither constitutes alleges a predicate act within the scope of 18 U.S.C. § 1961(1), Plaintiffs' RICO claim under U.S.C. § 1962(c) must be dismissed as a matter of law.

    **v.**    **Plaintiffs' RICO Claim under U.S.C. § 1962(b) Must be Dismissed because Plaintiffs Fail to Sufficiently Allege that Munyer Acquired or Maintained Any Interest In, or Control of, the Alleged RICO Enterprise.**

In order to state a U.S.C § 1962(b) RICO Claim, the Sixth Circuit Court of Appeals has soundly determined that Plaintiffs must plead facts tending to establish that Defendants: "(1) acquired or maintained; (2) through a "pattern of racketeering activity" or the "collection of an unlawful debt"; (3) an interest in or control of an enterprise; (4) engaged in, or the activities of which affect, interstate or foreign commerce." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 321-22 (6th Cir. 1999) (finding that plaintiffs' U.S.C § 1962(b) RICO Claim was properly dismissed where plaintiffs failed to properly allege defendants' interest in, or control of, the alleged RICO enterprise). *See also*, *Fed. Ins. Co. v. Webne*, 513 F.Supp.2d 921, 926 (N.D.Ohio 2007), quoting *Advocacy Org. for*

*Patients*, *supra* ("RICO pleadings must 'allege a specific nexus between control of any enterprise and the alleged racketeering activity, as is required under section 1962(b).'")

Put simply, Plaintiffs have not alleged that Munyer acquired any interest in or control of the alleged RICO Enterprise, that Munyer engaged in any racketeering activity or collected an unlawful debt, or that Munyer engaged in any activities that affect interstate or foreign commerce. Plaintiffs' Complaint is entirely devoid of these allegations, but instead reflects that Mr. Munyer actually thwarted the alleged RICO enterprise's scheme by representing Plaintiff Nice, getting his charges dismissed, and obtaining an expungement of his record. Again, Plaintiffs have failed to allege any facts consistent with a violation of U.S.C. § 1962(b) against Munyer.

Accordingly, Munyer is entitled to dismissal of Plaintiffs' claims under U.S.C. § 1962(b).

> **vi. Plaintiffs' RICO Claim under U.S.C. § 1962(d) Must be Dismissed because Plaintiffs' RICO Claims under U.S.C. § 1962(b) and U.S.C. § 1962(c) Fail as a Matter of Law.**

Plaintiffs' U.S.C. § 1962(d) claim fails because Plaintiffs' other RICO claims fail. Indeed, U.S.C. § 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Thus, where a plaintiff cannot maintain a claim under the substantive sections of U.S.C. § 1962, they cannot maintain a claim under U.S.C § 1962(d). The Northern District of Ohio made as much clear in *Lucas-Cooper v. Palmetto GBA*, No. 1:05-cv-00959, 2006 U.S. Dist. LEXIS 63783, at *21-22 (N.D. Ohio Sep. 7, 2006):

> Plaintiff also alleges a violation under 18 U.S.C. § 1962(d). This section provides that it is unlawful for any person to conspire to violate 1962(a), (b), or (c). A conspiracy claim under § 1962(d) cannot survive a motion to dismiss if the pleadings do not also state a substantive RICO claim for which relief may be granted.

*Id.*, citing *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1989) ("Plaintiffs' conspiracy claim cannot stand in light of the dismissal of their other RICO counts.")

13

Accordingly, Munyer is entitled to dismissal of Plaintiffs' RICO claim under 18 U.S.C. § 1962(d).

### E. Plaintiffs' Abuse of Process Claim Fails as a Matter of Law.

For the same reasons that Plaintiffs' RICO claims fail, so too does his claim for abuse of process. In addition to the fact that Plaintiffs' claim for abuse of process is subsumed into a claim for legal malpractice, Plaintiffs' Complaint lacks allegations sufficient to support such a claim.

Indeed, to establish a claim for abuse of process under Ohio law, a plaintiff must allege "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Kelley v. Buckley*, 193 Ohio App.3d 11, 2011-Ohio-1362, 950 N.E.2d 997, ¶ 64 (8th Dist.), citing *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 1994 Ohio 503, 626 N.E.2d 115, paragraph one of the syllabus.

Notably, where a plaintiff fails to properly plead a claim of abuse of process, defendant is entitled to dismissal. *See Pastian v. Internatl. Credit Sys.*, S.D.Ohio No. 3:17-cv-00252, 2018 U.S. Dist. LEXIS 29591 (Feb. 23, 2018) (granting motion to dismiss cause of action for abuse of process where counterclaim plaintiff failed to properly allege facts consistent with the cause of action.)

The same logic necessarily applies here. Plaintiffs put forth no allegations against Munyer consistent with their claim for abuse of process. Indeed, Plaintiffs do not allege that Munyer set in motion a legal proceeding. To the contrary, Plaintiffs allege that Munyer represented Plaintiffs in the legal proceeding and secured a dismissal of the proceeding and expungement of same. Nor do Plaintiffs allege that Munyer perverted the proceeding to attempt to accomplish an ulterior purpose. Nor do Plaintiffs specifically allege that Munyer caused Plaintiffs any damages. Put simply, Plaintiffs'

Complaint is wholly deficient of allegations against Munyer that would support a claim for abuse of process.

Accordingly, for any or all of these reasons, Plaintiffs' abuse of process claim should be dismissed pursuant to Civil Rule 12(c).

### F. In the Alternative, Munyer is Entitled to a More Definite Statement.

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so "vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Put otherwise, the standard for granting a motion for more definite statement is that the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Shirk v. Fifth Third Bancorp*, 2008 U.S. Dist. LEXIS 108089, 2008 WL 4449024 * 8 (S.D. Ohio 2008), citing *Kok v. First Unum Life Ins. Co.*, 154 F.Supp.2d 777, 781-82 (S.D.N.Y. 2001)). This is precisely the case here.

If this Court is inclined to permit one or more of Plaintiffs' claims to move forward, Munyer respectfully requests that this Court order Plaintiffs to submit an Amended Complaint identifying: (1) which claims Plaintiffs are specifically alleging against Munyer; and (2) a factual basis upon which Plaintiffs believe Munyer is liable to Plaintiffs under those claims. *See Kerrigan*, 112 F. Supp. 3d 580, 602 ("As set forth in more detail below, the Court therefore directs Plaintiffs to amend their RICO claims in order to present them in a manner that allows the Court to appropriately evaluate their sufficiency as to each individual Defendant.")

Plaintiffs' "shotgun" claims prejudice Munyer, who has been grouped with other Defendants without regard to his specific involvement in any of Plaintiffs' allegations and, if a more definite statement is not provided, will be required to defend against ill-defined and unsubstantiated claims.

15

Munyer, therefore, requests, in the event the claims against him are not dismissed, an Order requiring Plaintiffs amend their Complaint so to permit Munyer, and this Court, to properly evaluate the sufficiency of the claims against him.

### III. CONCLUSION

For these reasons, Munyer is entitled to dismissal of Plaintiffs' Complaint pursuant to Civil Rule 12(c), or, in the alternative, an Order requiring Plaintiffs to submit a more definite statement pursuant to Civil Rule 12(e).

Respectfully submitted,

*/s/ Andrew J. Dorman*
ANDREW J. DORMAN (0063410)
**REMINGER CO., L.P.A.**
101 Prospect Avenue West, Suite 1400
Cleveland, Ohio 44115-1093
P: 216-687-1311; F: 216-687-1841
Email: adorman@reminger.com
*Counsel for Defendant Noah Munyer*

## **CERTIFICATE OF SERVICE**

The foregoing Motion for Judgment on the Pleadings was electronically filed with the Court this 10th day of January 2022. The Parties will have access to the foregoing via the Court's electronic filing system.

*/s/ Andrew J. Dorman*
ANDREW J. DORMAN (0063410)

*Counsel for Defendant Noah Munyer*

## **LOCAL RULE 7.1(f) CERTIFICATION**

Undersigned counsel hereby certifies that this case has been assigned to the standard track. The foregoing Motion and Memorandum adheres to the page limitation set forth in Local Rule 7.1(f).

>　　　　　　　　　　　　　　　*/s/ Andrew J. Dorman*
>　　　　　　　　　　　　　　　ANDREW J. DORMAN (0063410)
>
>　　　　　　　　　　　　　　　*Counsel for Defendant Noah Munyer*